CLAIBORNE HORTON *vs.* RHODE ISLAND HOSPITAL TRUST Co. Ex.

JANUARY 13, 1933.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is a petition brought by Claiborne Horton of Dickson, Tennessee, under the provisions of Section 3, Chapter 347, General Laws 1923, for leave to file an appeal from the decree of the Probate Court of the City of Providence admitting to probate the will of Edith Lee Knowles Horton. The time within which such an appeal may be taken as of course has elapsed. The petitioner in his petition represents himself as a man 66 years of age and a first cousin of the testatrix. Testatrix died in Kensington, England, on December 20, 1931, at the age of 59 years. She had never married and left neither parent, issue, brother nor sister her surviving.

The petitioner was first notified of the death of the testatrix by a letter written January 2, 1932, by Mr. Harrington, a trust officer of the Rhode Island Hospital Trust Co., the respondent herein, which was named in the will as the executor. This letter informed the petitioner of the circumstances of the testatrix's death in London on December 20, 1931. The correspondence which followed is important. The petitioner, by letter of January 6, 1932 to Mr. Harrington, asked for information as to when and where the will would be probated. Replying by letter of January 12, 1932 Mr. Harrington informed the petitioner that the will would be probated in Providence as soon as the required certificate of death could be obtained from England. This letter quoted the 20th and 27th clauses of the will, in so far as they applied to the petitioner's interest in the estate, and answered as far as possible the inquiries made. The question as to when the will would be probated, not having been determined by reason of the uncertainty as to when the death certificate would arrive, could not be definitely answered.

The petitioner by letter dated January 26, 1932, expressed satisfaction with the information furnished by Mr. Harring-

ton in the letter of January 12, which the petitioner received "just a few days before leaving for Florida." In this letter of January 26 the petitioner stated: "I have just read in a Nashville paper of January 22nd an article reporting that Edith's will has been probated, so I ask that you please mail to me . . . a copy of her will . . ." By the same letter he expressed a desire to "know the approximate value of her estate." Mr. Harrington, by his letter in reply, dated February 12, sent the petitioner a photostatic copy of the will and codicil. Not having full information as to the amount of the estate, Mr. Harrington in this letter expressed no opinion upon that subject, and the petitioner made no further inquiry.

The respondent offered the will and codicil for probate on January 15, 1932. The proceedings were duly advertised, and the will and codicil were admitted to probate on February 9, 1932. The respondent qualified, took possession of and commenced the administration of the estate. Although the petitioner knew that the will would be offered for probate as soon as the death certificate arrived, understood that the will had been probated before it actually was, knew of the provision made for him in the will and received a photostatic copy of that instrument by letter sent three days after the will was admitted to probate, he took no steps to take an appeal within the forty days allowed by statute for taking appeal from a decree admitting a will to probate. The respondent made payment of annuities established by the will. One such payment to the petitioner was made as of March 21, 1932, and another as of June 20. The check for the first payment to the petitioner was cashed by him. The check for the second payment was returned by his letter of June 23, 1932 in which he made the following statement as to the first check: "It arrived at my residence just about the same time I returned from the South, and when made use of I did not contemplate that any contest would likely be made of the will."

On July 19, 1932, more than five months after the entry of the decree admitting the will to probate, this petition for leave to claim and present an appeal from said decree was filed in this court.

The petitioner, relying upon the language of said section 3, contends that "from accident, mistake, unforeseen cause, or lack of evidence newly discovered" he failed to claim an appeal within forty days after the entry of said decree.

The petition sets forth no facts constituting accident, mistake or unforeseen cause. It is not contended that anyone fraudulently, or otherwise, misled the petitioner. See *Blake* v. *Blake*, 100 Atl. 391.

As to evidence newly discovered, tending to show lack of testamentary capacity and undue influence, the evidence, including letters from testatrix to himself and wife, was all in the petitioner's possession before the will was admitted to probate.

He states in his petition that he did not know that the time allowed for taking an appeal was limited to forty days. If he was interested in the question he could readily have informed himself. However, his own letter to Mr. Harrington shows that in March, when he received the first payment under the annuity, the petitioner "did not contemplate that any contest would likely be made of the will." He does not even rely upon any serious handicap. He shows no justifying circumstances constituting strong equities in his favor. The executor, in good faith, commenced administering the estate and paid considerable amounts to annuitants conformatory to the terms of the will. It is reasonably clear that the failure to take an appeal was due to indifference. If the petitioner desired to take an appeal he was prevented from doing so only by his own negligence.

The petition is denied and dismissed.

*James I. Shepard, Lee A. Worrill,* for petitioner.

*Charles E. Salisbury, Tillinghast & Collins, James C. Collins,* for respondent.